**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-045C
(Filed: March 10, 2015)

**NOT FOR PUBLICATION**

**FILED**
**MAR 1 0 2015**
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| RICHARD A. CHICHAKLI,      )<br>                              )<br>        Plaintiff,           )<br>                              )<br>v.                            )<br>                              )<br>THE UNITED STATES,            )<br>                              )<br>        Defendant.            )<br>                              ) | Pro Se; Sua Sponte Dismissal for Lack of Subject Matter Jurisdiction; RCFC 12(h)(3); 38 U.S.C. § 511; Not in Interest of Justice to Transfer under 28 U.S.C. § 1631 |

Richard A. Chichakli, Brooklyn, N.Y., pro se.

Daniel K. Greene, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Plaintiff, Richard A. Chichakli, is a veteran who brings suit against the Department of Veterans Affairs (VA)[1] for its decision to stop payment of his disability

---

[1] In compliance with the court's rules, the Clerk's Office has identified the United States as the party defendant. See RCFC 10(a) ("The title of the complaint must name all the parties . . . with the United States designated as the party defendant . . . ."). In his complaint, Mr. Chichakli named as defendant "Robert McDonald, Secretary, United States Department of Veteran Affairs in His Official Capacity." Compl. 1, ECF No. 1. Because a suit against a federal employee acting in an official capacity is a suit against the United States, the case caption as reflected above is correct. See, e.g., Simanonok v. Simanonok, 918 F.2d 947, 950 (Fed. Cir. 1990) ("[Plaintiff's] claims against the federal defendants in their official capacities . . . are in effect suits brought against the United States itself.").

benefits. According to plaintiff, the VA made this decision while under the mistaken belief that he was a "fugitive felon." Plaintiff seeks payment of the wrongly withheld disability benefits, plus interest. Plaintiff brings his claim without counsel.

In effect, Mr. Chichakli requests that this court review a benefits decision by the VA. But this court lacks jurisdiction over such a claim. See 38 U.S.C. § 511 (2012). Although Mr. Chichakli's claim might be pursued before the Board of Veterans' Appeals (Board), this court lacks authority to transfer Mr. Chichakli's complaint to the Board.

Accordingly, plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the U.S. Court of Federal Claims (RCFC).

I.  Background

Mr. Chichakli was honorably discharged from the United States Army in May 1993. Compl. ¶ 3, Jan. 16, 2015, ECF No. 1. The VA subsequently granted Mr. Chichakli a twenty percent disability rating, and paid him disability benefits from 1993 through April 2005. Id. ¶¶ 5-6.

In April 2005, the Office of Foreign Assets Control (OFAC) of the United States Department of the Treasury placed sanctions on Mr. Chichakli's assets. Id. ¶ 10. Further to the OFAC sanctions, the VA stopped payment of Mr. Chichakli's disability benefits. Id. ¶ 12. In response to inquiries by Mr. Chichakli in 2005 and early 2006, the VA verbally informed him that it had stopped his benefits "due to information received from the U.S. government providing that plaintiff is a [FUGITIVE FELON]." Id. ¶ 14. In April 2013, after another inquiry from Mr. Chichakli, the VA provided him with an official written statement denying the release of his disability benefits. Id. ¶ 20.[2]

In January 2013, an indictment against plaintiff for various felonies was unsealed in a federal court. Id. ¶ 18. Thereafter, he was arrested, tried, and convicted. Id. ¶¶ 18, 25. He was sentenced in December 2014, id. ¶ 25, and is currently incarcerated. Although plaintiff acknowledges he was living outside the United States between 2005 and the time of his arrest in 2013, he maintains that he was not charged with any criminal offense prior to January 2013, and was thus not a fugitive felon. Id. ¶¶ 15, 18, 22-23. The provision of certain benefits to persons who are fugitive felons is prohibited under 38

---

[2] In his complaint, Mr. Chichakli stated that he attached the April 2013 VA response to his complaint as Exhibit A. There was no Exhibit A attached to the complaint, and the court notified Mr. Chichakli of the omission on February 2, 2015. Notice, ECF No. 4. On February 18, 2015, Mr. Chichakli filed the April 2013 VA response. ECF No. 6.

U.S.C. § 5313B (2012). The payment of benefits to veterans incarcerated for a felony is authorized, but limited by 38 U.S.C. § 5313 (2012).

Mr. Chichakli filed his complaint in this court on January 16, 2015, seeking payment of the disability benefits that have been withheld since 2005, plus interest, costs of his suit, and attorney's fees "in the event [he] . . . hire[s] Counsel."[3] Id. at 5.

II.   Application to Proceed In Forma Pauperis

On the same date he filed his complaint, Mr. Chichakli filed an application to proceed in forma pauperis. Appl. IFP, Jan. 16, 2015, ECF No. 2. That application consisted of a motion, an affidavit affirming that he has no access to assets, and a signed document granting the institution in which he is housed authorization to: (1) send this court a "certified copy of [his] prison account statement for the past [s]ix [m]onths," and

---

[3]   The court observes that in his complaint, Mr. Chichakli referred to an older action he believes is pending in this court stating: "Subsequent to the imposition of sanctions by OFAC against plaintiff, the VA stopped the medical disability payment to plaintiff. An issue which has been pending for many years in another litigation, wherein the U.S. Attorney had persuaded that Court that jurisdiction was solely in the Court of Federal Claims." Compl. ¶ 12. It appears that plaintiff is referring to a decision of the United States Court of Appeals for the Fifth Circuit, see Chichakli v. Szubin, 546 F.3d 315 (5th Cir. 2008), in which that appellate court vacated a portion of the district court's decision, for lack of jurisdiction.

> Chichakli alleged that the [OFAC's] blocking order had the effect of destroying his business, freezing all of his accounts, depriving him of his automobile, and preventing use and collection of rents from rental property for over two years. These allegations . . . . therefore fall[] under the exclusive jurisdiction of the Court of Federal Claims.

Szubin, 546 F.3d at 317.

To dispel any misunderstanding about the Fifth Circuit's reference to this court in its opinion, the court observes that Mr. Chichakli's case before the Fifth Circuit was case no. 07-10851, and his case in the District Court for the Northern District of Texas was case no. 06-1546. A review of PACER shows that neither case is now pending; both cases are closed. Neither the Fifth Circuit nor the Northern District of Texas transferred any portion of Mr. Chichakli's complaint to this court. The complaint that is the subject of this opinion, filed on January 16, 2015, is Mr. Chichakli's only pending matter in this court.

(2) disburse the amounts due to the court for his filing fee, pursuant to 28 U.S.C. § 1915(b) (2012). Appl. IFP 1-4. Defendant filed no response to Mr. Chichakli's motion.

The court notes that it has not yet received the certified copy of Mr. Chichakli's prison account statement from the institution in which he is housed. Nonetheless, as the court does not wish to delay this decision, it **GRANTS** Mr. Chichakli's motion to proceed in forma pauperis.

III.   Legal Standards

The Tucker Act confers jurisdiction upon this court over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

However, just as Congress statutorily conferred upon this court jurisdiction to hear certain claims against the United States, Congress has exercised its authority to place jurisdiction over certain claims elsewhere. See Massie v. United States, 166 F.3d 1184, 1188 (Fed. Cir. 1999). "There are, of course, instances in which courts find that Congress has displaced Tucker Act jurisdiction in favor of some other remedial scheme." Del–Rio Drilling Programs, Inc. v. United States, 146 F.3d 1358, 1367 (Fed. Cir. 1998).

Subject-matter jurisdiction, which "involves a court's power to hear a case," may "never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (internal quotation marks omitted). The court may question its own subject-matter jurisdiction at any time. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Folden, 379 F.3d at 1354 ("Subject-matter jurisdiction may be challenged at any time . . . by the court sua sponte.").

The complaint of a pro se plaintiff is generally held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). A pro se plaintiff is entitled to a liberal construction of his pleading. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the "leniency [afforded to a pro se litigant] with respect to mere formalities" does not permit a court to "take a liberal view of . . . [a] jurisdictional requirement and set a different rule for pro se litigants." Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

IV.  Discussion

    A.  Subject Matter Jurisdiction

The crux of Mr. Chichakli's claim is that the VA made a mistake when it decided to stop payment of his disability benefits in 2005. He asks this court to review the VA's decision and order the VA to pay him his wrongly withheld benefits. This court, however, has no jurisdiction to review any VA benefits decision, regardless of whether the decision was correct. Pursuant to 38 U.S.C. § 511, no court may review a benefits decision made by the VA. 38 U.S.C. § 511(a) ("[T]he decision of the Secretary as to any [decision that affects the provision of benefits] shall be final and conclusive and may not be reviewed by any other official or by any court . . . .") (emphasis added).

Jurisdiction to review a VA benefits decision lies solely with the Board of Veterans' Appeals.[4] 38 U.S.C. § 7104 (2012). Review of a Board decision is available first in the Court of Appeals for Veterans Claims, and then in the Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7252 & 7292 (2012). This is well-settled law; there is no shortage of decisions holding that this court lacks jurisdiction to review a VA benefits decision, and that the first level review of such a decision lies solely with the Board. See, e.g., Kalick v. United States, 541 F. App'x 1000, 1001 (Fed. Cir. 2013) (per curiam) (affirming dismissal under 38 U.S.C. § 511, and finding that any challenge to a VA benefits decision must be brought to the Board of Veterans' Appeals); Metcalf v. United States, No. 12-518, 2013 WL 1517821, at *5 (Fed. Cl. Apr. 15, 2013) (dismissing incarcerated veteran's claim that the VA improperly reduced disability benefits, for lack of jurisdiction under 38 U.S.C. § 511(a)).

Thus, under 38 U.S.C. § 511, this court lacks jurisdiction to hear Mr. Chichakli's claim against the VA.

    B.  Transfer Under 28 U.S.C. § 1631

When this court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought if such transfer "is in the interest of justice." 28 U.S.C. § 1631 (2012); see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the trial court may order transfer sua sponte). This court's authority to transfer a case, however, is limited; a transfer may be made only to "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, . . . and the Court of International Trade." 28 U.S.C. § 610

---

[4] Instructions on how to appeal a VA benefits determination to the Board are on its website. Board of Veterans' Appeals, http://www.bva.va.gov/How_Do_I_APPEAL.asp.

(2012).

This court thus lacks authority to transfer Mr. Chichakli's claim to the Board of Veterans' Appeals, as it is not identified as a transferee court in the governing statute. See 28 U.S.C. § 610.

V.    Conclusion

For the foregoing reasons, the court **GRANTS** Mr. Chichakli's motion to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(b), the Clerk shall assess, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits to his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. See § 1915(b)(1). Thereafter, Mr. Chichakli shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 until the filing fees are paid. Id.

The court finds that it lacks jurisdiction over plaintiff's claims, and that it is not in the interest of justice to transfer the complaint. Plaintiff's complaint is **DISMISSED** without prejudice pursuant to RCFC 12(h)(3). The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge